hGAUDIN, Judge.
This is an appeal by Mrs. Patricia Schieffler and her minor children from the granting of an exception of prescription dismissing Richard Kohnke and his insurer from a tort action in St. Charles Parish. We affirm.
Appellants ask this Court to grant a new district court hearing on the Kohnke exceptions or, in the alternative, to hold the judgment in abeyance pending their (appellants) attempt to annul a judgment sustaining an exception of no cause of action which dismissed Bryan Chevrolet, Inc. and its insurer from the same case.
The procedural background is this:
Mrs. Schieffler and her children filed suit in Jefferson Parish on April 8, 1997 against Kohnke, his insurer and Bryan Chevrolet and its insurer for injuries they had sustained in an automobile accident that occurred on April 8, 1996. Kohnke was served on April 14,1997.
Kohnke was parked behind Mrs. Schief-fler’s automobile on the side of a highway in St. Charles Parish when a third vehicle, driven by Donielle Dutertre, rear-ended Kohnke’s car, pushing it into the rear of Mrs. Schieffler’s auto.
| ¡The only allegation of fault against Bryan Chevrolet was that it owned the car Kohnke was in and had leased the vehicle to him.
By judgment dated August 12, 1997, the case was transferred to the 29 th Judicial District Court in St. Charles Parish where it was combined with another suit filed there stemming from the April 8, 1996 accident.
Bryan Chevrolet then filed an exception of no cause of action, which was granted on April 14, 1998. There was no appearance on behalf of the plaintiffs at the April 7, 1998 hearing on Bryan Chevrolet’s exception allegedly because Mrs. Schieffler’s attorney had no notice of the setting. The Schiefflers have asked that this judgment be annulled because of fraud and ill practice. Bryan Chevrolet’s exception had been filed in Jefferson Parish but the trial judge there declined to hear it, instead transferring the case to St. Charles Parish.
In any event, once Bryan Chevrolet was removed from the case in the 29th Judicial District Court, Kohnke filed his exception of prescription, which was granted on August 31, 1998. It is this judgment that the Schiefflers have appealed.
If Bryan Chevrolet was not a legitimate defendant, the suit against Kohnke had prescribed. The claims against Kohnke were subject to a liberative prescription of one year from the date the injuries were sustained. Prescription is interrupted when those hurt file suit within a year in a court of competent jurisdiction. If the action is commenced in an incompetent court or in an improper venue, prescription is interrupted only as to defendants served by process within the prescriptive period of one year. See LSA-C.C. |3arts. 3492 and 3462 and LSA-C.C.P. art. 73(B). Kohnke was not served until six days after the Jefferson Parish suit was filed.
Only Bryan Chevrolet had ties to Jefferson Parish. Kohnke lives in St. Tammany Parish while the accident occurred in St. Charles Parish. Without Bryan Chevrolet, Jefferson Parish was an improper venue court.
We might be inclined to hold the Kohnke dismissal judgment in abeyance except for the fact that the one and only allegation of fault against Bryan Chevrolet — i.e., it owned the car leased to Kohnke — would clearly not be sufficient to defeat Bryan Chevrolet’s exception of no cause of action.
Accordingly, the judgment maintaining the exception of prescription filed by Kohnke and his insurer, United Services Automobile Association, is affirmed. We remand for further proceedings in this case.
AFFIRMED.